**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**JULIE A. WHITE, ESQ.**
Nevada Bar No. 8725
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
7670 W Lake Mead Blvd, Suite 200
Las Vegas, Nevada 89128
Telephone:  (702) 257-1997
Facsimile:  (702) 257-2203
lyoung@lgclawoffice.com
jwhite@lgclawoffice.com

Attorneys for Defendant,
TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIE BUNGANICH, individually, | CASE NO: 2:25-cv-01914 |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS** |
| TARGET CORPORATION dba TARGET, a Foreign Corporation; E. E. Newcomer Enterprises, Inc. dba D.H. Pace Company, Inc. a Foreign Corporation, DOES I-X, inclusive and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.    This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2.    The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit, and the Court.

3.    Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.    Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.    Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6.    If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7.    In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as

"Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8.      If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9.      With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be done in accordance with Local Rules IA 10-4 and IA 10-5, in additions to the directives set forth in *Kamakana v. City and County of Honol*ulu, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). All communications shall indicate clearly which portions are designated to be "Confidential" through a Motion to Seal and/or redaction

10.     The Court may order the court files and records, or any part thereof, to be sealed or redacted, provided the Court makes and enters written findings that the specific sealing or redaction is justified by identified compelling privacy or safety interests that outweigh the public interest in access to the court records.

11.     If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.     Pursuant to LR 1-1(b)(2), Judge Couvillier requires the parties to follow the procedures outlined below regarding any discovery dispute. No discovery motion may be filed until the following procedure has been followed and such motion is ordered by Judge Couvillier:

1. If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer 1 in

person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.

2. If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:

i. A brief, joint summary of the discovery dispute not to exceed one (1) page;

ii. A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests.  This may be done in single-spaced, 10-font.

iii. A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention.  This joint meet and-confer summary may not exceed two (2) pages.

iv. An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.

v. Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question).  The proposal may not exceed two (2) pages per side.

3. Upon review of the filed "Stipulation Regarding Discovery Dispute," Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

4. If an adverse party or counsel is not responsive or fails to cooperate in this process, a party may file a unilateral "Stipulation Regarding Discovery Dispute -Filed Unilaterally in Compliance with Standing Order," and set forth in detail efforts to meet and confer and obtain cooperation

13.     Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14.     This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15.     When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16.     Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 7th day of November, 2025.          DATED this 7th day of November, 2025.

**LINCOLN, GUSTAFSON & CERCOS**          **MARSHALL INJURY LAW**

*/s/ Loren S. Young*          */s/ Eric Marshall*
**LOREN S. YOUNG, ESQ.**          **ERIC MARSHALL, ESQ.**
Nevada Bar No. 7567          Nevada Bar No.8847
**JULIE A. WHITE, ESQ.**          3333 East Serene Avenue, Suite 120
Nevada Bar No. 8725          Las Vegas, Nevada 89074
7670 W. Lake Mead Blvd., Suite 200          Attorney for Plaintiff
Las Vegas, Nevada 89128          JULIE BUNGANICH
Attorneys for Defendant,
TARGET CORPORATION

DATED this 7th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Alex Bornote*
**JOSH COLE AICKLEN, ESQ.**
Nevada Bar No. 007254
**ALEX BORNOTE, ESQ.**
Nevada Bar No. 16206
6385 S. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant,
E.E. NEWCOMER ENTERPRISES, INC.,
d/b/a D.H. PACE COMPANY, INC.

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___11-20-25_____

-6-

## CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

1.      It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Julie Bunganich v. Target Corporation, et al.,* Case No. 2:25-cv-01914, by the United States District Court, District of Nevada, ("Court").

2.      I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

3.      I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order,

4.      It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

5.      I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 2025.

_____
(Name)
_____
(Address, City, State, Zip)
_____
(Telephone #)

Relationship to this lawsuit: _____

_____
(Signature)

Subscribed and sworn to before me

This ____ day of _____, 2025.

_____
Notary Public
My Commission Expires: